IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMIEN CLARK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-21-2921 |
| TONY GARCIA, ANNA MANTEGNA, | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Damien Clark, who is incarcerated and confined to Maryland Correctional Training Center, in Hagerstown, Maryland, filed the above-entitled complaint against his former criminal defense attorneys. ECF No. 1. Clark did not pay the filing fee or file a Motion to Proceed in Forma Pauperis. For the reasons that follow, Clark shall not be required to cure the deficiency.

Clark asserts that Defendants, private retained attorneys, provided ineffective assistance of counsel to him in connection with their representation of him in his 2018 criminal proceeding. He states that Defendants so poorly represented him that his conviction was overturned during his state post-conviction proceedings.  ECF No. 1, p. 3. He raises claims of ineffective assistance of counsel and seeks compensatory damages. *Id.*, p. 8.

A complaint need not contain detailed allegations, but the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561. The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506. 512 (2002) (internal quotation marks omitted).

 A complaint that is legally frivolous may also be dismissed at its inception for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). The Court also is mindful of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Twombly,* 550 U.S. at 555-56). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

 Federal courts "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Title 28 U.S.C. § 1331 provides that a federal court may hear "all civil actions arising under the Constitution, laws, or treaties of the

United States," commonly known as federal question jurisdiction. 28 U.S.C. § 1331. For the court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim and must be substantial and not plainly frivolous. *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975). Where no federal question is presented, the Court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different States.

A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To establish jurisdiction, the Court looks to those facts affirmatively alleged in the complaint. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The party seeking to avail itself of this Court's jurisdiction bears the burden of proof. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

This complaint does not state a federal claim. To sustain an action under § 1983 a plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, Clark faults his privately retained attorneys for providing ineffective assistance of counsel, but alleges no facts that either of the named Defendants were acting "under

color of law" in representing him. An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. Therefore, Defendants are not amenable to suit under §1983. *See e.g. Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

Nor does the complaint satisfy the requirements for invoking this Court's diversity jurisdiction as all the parties involved are residents of Maryland. Absent a basis for jurisdiction over the claims asserted, the complaint must be dismissed without prejudice.

A separate Order follows.


___11/30/2021_____                    __/s/_____
Date                                  GEORGE J. HAZEL
                                      United States District Judge